ABBY J. BLAKE *et al. vs.* RHODE ISLAND HOSPITAL TRUST COMPANY, *Ex.*

SAME *vs.* SAME.

JANUARY 18, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. These proceedings involve the will of Adeline L. Thomas which was admitted to probate on March 18, 1930, by the Probate Court of the City of Provi-

dence. From the decree of said court certain relatives claimed an appeal on the ground of lack of testamentary capacity. Before the appeal was heard by the Superior Court certain descendants of a half sister of the testatrix were permitted to become parties appellant to said appeal. The appeal was heard by a justice of the Superior Court, sitting without a jury, who decided that at the time of the execution of the will the testatrix had testamentary capacity. The case is here on exception of said descendants to the decision of said justice and also on their petition, based upon Sec. 3, Chap. 347, G. L. 1923, that they be allowed to file in the Superior Court a motion for a new trial based upon newly discovered evidence.

As to the exception to the decision of said justice, it is sufficient to say that the decision is amply supported by the evidence. There was little opposed to a mass of evidence clearly showing business shrewdness and testamentary capacity, except the testimony of a physician, a stranger to the testatrix, called in a few days before her decease, and of a nurse whom he at that time placed in the home of the testatrix. The testimony of these two witnesses was specifically discredited by said justice in his oral opinion.

We will now consider the petition for leave to file a motion for a new trial based upon newly discovered evidence. There was some evidence tending to show that testatrix believed that her said half sister, the ancestor of these petitioners, was illegitimate and that for this reason she cared little for the petitioners and as a result made no provision for them in the will. The evidence newly discovered consists of a marriage certificate purporting to show that Abby Horswell, mother of the testatrix and of her said half sister, was married to one John D. Washburn. Whether, with the aid of said certificate and other evidence, the petitioners could establish that said half sister was legitimate does not clearly appear. By the use of said certificate the petitioners hope to establish that the testatrix was suffering from an insane delusion. Admitting that testatrix was

mistaken, that fact has little tendency to show that she had insane delusions. The testimony as to the sanity and testamentary capacity of the testatrix appeared to be very clear and convincing to the trial justice, and a study of the record satisfies us that there was ample foundation for his opinion. It is our opinion that if said certificate had been before said justice his decision would have been the same and that the introduction of the certificate at another trial would not be likely to change the result. See *Shepard* v. *N. Y., N. H. & H. R. R. Co.*, 27 R. I. 135.

The petition for leave to file a motion for a new trial is denied and dismissed. The exception to the decision of said justice is overruled and the papers in the original case are ordered remitted to the Superior Court for further proceedings.

*Hinckley, Allen, Tillinghast, Phillips & Wheeler, S. Everett Wilkins, Jr.*, for appellants and petitioners.

*Tillinghast & Collins, Malcolm D. Champlin*, for appellee and respondent.